UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

**United States' Response to Defendants' Motion for Rule 16 Discovery Sanctions
<u>and Exclusion of Exhibits</u>**

The United States, by and through its undersigned counsel, hereby responds to Defendants' Joint Motion for Rule 16 Discovery Sanctions and Exclusion of Exhibits, ECF No. 531 ("Motion"). The Motion is frivolous. As such, the Court should deny it.

Defendants have escalated their now-routine personal attacks in this case in a bid to delay what is around the corner: an April 1, 2024 trial on the merits. The Motion's claims are meritless, and the Court can reject each in turn. Nothing comes close to justifying the requested relief. *See, e.g.*, *United States v. Swenson*, 894 F.3d 677, 684-85 (5th Cir. 2018) (discussing the inapposite circumstances in which a court may dismiss an indictment); *accord United States v. Garrett*, 238 F.3d 293, 298-301 (5th Cir. 2000) (highlighting the rare (and again inapposite) circumstances in which exclusion of evidence is the appropriate remedy).

First, Defendants engage in a slight of hand about materials that were "not produced in discovery." To address this issue on the merits, a distinction has to be made. First, the content in United States' Exhibits is based on discovery productions from last year, well before the preceding trial setting in this case. As the Court is aware, these materials include, among other things, underlying search-warrant returns from Twitter and Discord, as well as Cellebrite images of

1

Defendant Deel's and Knight's iPhones. To argue that Defendants have not received the underlying content in discovery is belied by the record.

Beyond the underlying content, Defendants' chief complaint goes to the *format* of the United States' Exhibits. As the Court is aware, the underlying evidence in this case consists of electronic data, which is saved in different forms and formats. At the threshold, the bulk of the underlying social-media messages and posts were produced to the United States as raw text files, which necessitated processing to make the files intelligible. The United States took that content and formatted it in a way that will be intelligible and digestible for the jury. As noted, it would not be possible to view the content of the various electronic messages in the exact same way as they were viewable at the time on any given device and with the applicable messaging platform.[1] In this way, some degree of formatting of the underlying content was required, lest the evidence remains difficult to discern and digest to the uninitiated jury (which would inure to the benefit of Defendants). To argue that the United States' formatting of electronic content is bad faith betrays, at best, a lack of serious engagement on the merits. It instead reflects unnecessary mudslinging that has plagued this case from the onset.

The United States will also inform the jury that the at-issue messages were formatted for its Exhibits. To the extent the Defendants want to use their trial time to attack formatting (and not the underlying content), such efforts go to the weight, not the admissibility, of the challenged Exhibits.

---

[1] The notable exception to this issue would be the devices of Defendants Knight and Deel. As to messages on those devices, relying on the "original" would require taking screenshots of the messages on the respective devices. This is both impracticable and difficult to present to the jury. To the extent the Defendants have an objection to the underlying content, they are well equipped to raise such issues with the sponsoring witness.

Second, Defendants write at length about Mr. Hennessey's profile picture for his Twitter account. Mot. at 4-6. Again, Defendants seek to transform self-serving, inadmissible hearsay about "disclaimers" into a Constitutional issue. The "disclaimer" issue is not admissible and not relevant for the reasons laid out in the United States' omnibus motion in limine. (ECF No. 538, US MILs sections II.6, II.7). As to the underlying content, it, like everything else, was produced to Defendants numerous many months ago.

Relatedly, Defendant Hennessey is wrong to suggest that the "disclaimer" was viewable on every tweet. He cites to an image from the "WayBack Machine" in support of this argument. The United States does not believe that the visualization from the Wayback Machine corresponds to how the tweet would be viewable by another individual using Twitter/X on either a desktop or a mobile application. For this reason, the United States has not relied on the WayBack Machine in this case.

Even more, Defendant Hennessey conveniently sidesteps how the at-issue tweet has been deleted from his Twitter/X profile. Defendant Hennessey seeks to take the United States to task for not accurately capturing his tweet but ignores how the cited tweet is no longer available on his Twitter/X account because it was deleted. Defendant Hennessey's claims about "original evidence" ring hollow when the "original evidence" was deleted and now unavailable because of ostensibly intentional acts by him.

Third, Defendant Hennessey argues about the messages that are not contained in the United States' summary chart of SURF, 10B. He claims that United States did not include links from Defendant Hennessy's post about BlackRock's position in SURF. The at-issue links are reflected in a "url" link for the at-issue post. For authentication reasons, the United States did not include the content of the media linked to the urls because it did not know whether the cited and now-

available media had changed in the intervening years (*i.e.*, whether it was authentic evidence). Further, Defendant cannot credibly claim that the United States is shielding from the jury Mr. Hennessey's knowledge and awareness of BlackRock. That fact is included in Defendant Hennessey's message to Defendant Cooperman on page 3 of GX 10D. *See* GX 10D at 3 ("Black rock just bought 2% of this company btw"). That message is also included in Defendants' own filing. Mot. at 15 (fifth message from the bottom).

This purported issue also underscores how the Defendants are seeking to focus on extraneous material unrelated to the central issues the jury will be tasked with deciding: whether Defendants social-media messages were false and made with the intent to defraud. Defendant Hennessey claims that his knowledge about BlackRock is so critical and exculpatory that it must be put before the jury. Mot. at 9. As noted in GX 10D and Defendants' own filing, it will be in evidence. As to its "highly exculpatory" nature, however, Defendant Henessey sold 75,000 of his 85,000 shares in SURF within approximately one hour of his tweet about BlackRock. As shown by his actual trading, Defendant Hennessy at the time did not assign as much importance to BlackRock's purchase of shares of SURF and appears to have had a change of heart about the importance of this information after arrest.

Fourth, Defendants spill considerable ink about the changes to GX 10D. Mot. at 15-19. The United States took considerable time to include additional messages in its final iteration of GX 10D. Such steps were taken to streamline the contested issues at trial and short-circuit the Defendants' "incompleteness" argument that they previously raised with the Court. To argue now that the United States' responsive steps with respect to its Exhibits equates to bad faith again betrays another effort to pound the table about an issue Defendants raised and that the United States endeavored to address.

4

Fifth, Defendants claim that two messages from Defendant Constantinescu were included in a conversation with Defendant Hennessey. Defendants are correct, and the United States will fix the error. The United States appreciates Defendants bringing this issue to its attention. To the extent there are "hundreds" of other errors, which the United States does not believe to be the case and will continue to review for prior to trial, such arguments can be addressed in the normal course of trial: by cross-examining the sponsoring witness about the underlying content. Indeed, Defendants have all the underlying content for all the messages and are apparently willing and able to spot any issues. Cross-examination about routine trial issues in no way justifies Defendants' requested relief.

At bottom, Defendants' claims in the Motion are mix of continued, manufactured outrage as to ancillary issues and slight-of-hand arguments, all in a bid to shield their damning conduct from the jury. The Court should deny the Motion.

Dated: February 15, 2023                                         Respectfully submitted,


GLENN S. LEON                                                    ALAMDAR S. HAMDANI
Chief, Fraud Section                                             United States Attorney
Criminal Division, Department of Justice                         Southern District of Texas

By:    /s/ Scott Armstrong                              By:      /s/ Thomas Carter
       Scott Armstrong, Assistant Chief                          Thomas H. Carter
       John J. Liolos, Trial Attorney                            Assistant United States Attorney
       Fraud Section, Criminal Division                          State Bar No.: TX24048387
       United States Department of Justice                       1000 Louisiana Street, 25th Floor
       1400 New York Ave. NW                                     Houston, Texas 77002
       Washington, DC 20005                                      Tel.: (713) 567-9470
       Tel.: (202) 768-2246

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2024, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF. system, which will provide copies to counsel for all parties.

                                              */s/ Scott Armstrong*
                                              Scott Armstrong
                                              U.S. Department of Justice
                                              Criminal Division, Fraud Section