UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

### United States' Reply in Support of Motions *in Limine*

The Court has too many papers from the parties. The United States is loath to add one more. It does so only to aid the Court by correcting the record on a central issue that affects many others in this case: the applicable legal standard for **materiality**.[1]

The Fifth Circuit has a Pattern Jury Instruction on Materiality that the Court should apply in this case. It reads:

> As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation, statement, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question. Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.
>
> In determining materiality, you should consider that the naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

---

[1] The motions *in limine* filed by all parties and responses thereto concern many other issues in dispute. The United States does not brief other issues here, but reserves the right to respond to other topics disputed by the parties at the pretrial conference or otherwise and does not waive or forfeit any such responses or replies by omitting them here. The United States files this brief only to aid the Court and correct Defendants' errors of law on this central topic.

Fifth Cir. Crim. Pattern Jury Instrs., "Materiality," § 1.40 (2019 ed.) (cleaned up). The instruction cites to *United States v. Neder*, 527 U.S. 1, 16 (1999), along with Fifth Circuit precedent, and is reflected in the Fifth Circuit's recent statement on the materiality standard that applies in Section 1348 cases. *See id.*; *see also United States v. Greenlaw*, 84 F.4th 325, 340 (5th Cir. 2023) (explaining that, under 18 U.S.C. § 1348, "[a] misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." (quotations and citations omitted)). Thus, the Court need look no further than the Fifth Circuit's own Pattern Instructions for the materiality standard that applies in this case.

As the instruction indicates, the United States may show a statement is capable of influencing the decisionmaker in two different ways. The United States will present evidence at trial that satisfies both ways to prove materiality.

First, the United States may show that a "reasonable" decisionmaker to whom the statement is addressed would attach importance to the statement in making his or her decision. The Fifth Circuit is clear that "[t]he natural-tendency test is an objective one focused on whether the statements is of a type capable of influencing a reasonable decision maker, **not on the particular circumstances in which a statement is made.**" *United States v. Jonas*, 824 F. App'x 224, 232 (5th Cir. 2020) (quotations omitted) (emphasis added)); *see also United States v. Abraham*, 678 F.3d 370, 376 (5th Cir. 2012) ("[D]elivery of the statement in a manner not likely to persuade does not affect the materiality of the statement."). The focus on abstract, rather than fact-specific, reasonableness is reinforced by the last paragraph of the Fifth Circuit Pattern Instruction, which emphasizes that a victim's negligence is not a defense to criminal conduct. *See* Pattern Instr. § 1.40.

Second, the United States may prove materiality by showing that, even if only an

unreasonable person would rely on the statements, Defendants knew or had reason to know their victims were likely to rely on the statements. *See id.* The United States will introduce such evidence at trial.

The Court should not deviate from the Fifth Circuit's Pattern Instruction. Defendants, as is their demonstrated bent, seek to muddy the waters on the materiality question by importing from *different* securities statutes and *civil* securities cases materiality standards different from the Fifth Circuit Pattern. (*See* ECF No. 588 at 4–7; ECF No. 589 at 4–6.) The Court recalls when Defendants last tried to make these types of arguments pointing to other inapplicable laws in their motions to dismiss. Defendants tried to borrow from unrelated laws to say that, because those laws may not proscribe Defendants' conduct, it could not be a crime under the charged statutes. The Court found these types of arguments the "least meritorious." (Order, ECF No. 385 at 4.) They are "the equivalent of a driver saying that he or she could not be prosecuted for driving the wrong way on a one-way street because he or she was complying with the speed limit." (*Id.*)

Defendants again try to drive slowly the wrong way down the street hoping the Court won't notice. The Court should not be misled. Defendants seek to conflate "federal securities laws" as a general concept to import and apply materiality standards from other types of cases, like civil securities fraud or securities fraud charged under Title 15. These concepts are irrelevant here. Title 18 securities fraud is charged in this criminal case. So only the materiality standard applicable to Title 18 securities fraud applies.

To be clear, there are at least two different materiality standards that may apply in different securities contexts. The standard relevant in this criminal case is the materiality standard described above, announced by the Supreme Court in *Neder*, encompassed in the Fifth Circuit Pattern, and applied by the Fifth Circuit and many other courts in Section 1348 cases. *See supra* at 1–3; *see*

3

*also Greenlaw*, 84 F.4th at 340.

Defendants, in contrast, hope to introduce the Title 15 materiality standard, which asks whether a statement "would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 448–49 (1976) ("formulating a standard of materiality under Rule 14a-9"); (ECF No. 588 at 4–7; ECF No. 589 at 4–6). This different materiality standard applies in *civil securities cases* or securities fraud charged under *Title 15*. Indeed, in support of their efforts to confuse the Court, Defendants cite almost exclusively to civil securities fraud and/or Title 15 cases. But in cases where securities fraud is charged only under 18 U.S.C. § 1348, courts reject such efforts and apply the standard announced in *Neder* and reflected in the Fifth Circuit Pattern. *See, e.g.*, *United States v. Coscia*, 866 F.3d 782, 798–99 (7th Cir. 2017) (affirming district court instructing on *Neder* materiality standard for Section 1348 charge and declining defense's requested instructions that the alleged scheme had to be "reasonably calculated to deceive persons of ordinary prudence" and that "a reasonable investor would consider the deceptive conduct important in making a decision").

That is sensible because Section 1348's language is modeled not on Title 15, but on the other Title 18 fraud statutes for mail, wire, and bank fraud. *See United States v. Mahaffy*, No. 05-cr-613, 2006 WL 2224518, at *11 (E.D.N.Y. 2006) ("[B]ecause the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes, it is useful to be guided by the numerous and well-established precedents on those statutes in construing this statute."); *United States v. Matthews*, 31 F. App'x 838, 2002 WL 261421, at *8 (5th Cir. 2002) ("Modeled after the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, the bank fraud statute is interpreted in the light of the precedent interpreting those statutes."). As such, courts routinely conclude that the Title 18 fraud statutes and their elements—including

4

materiality—are to be similarly interpreted. *See, e.g.*, *United States v. Smith*, 555 F. Supp. 3d 563, 573 (N.D. Ill. 2021) ("'Scheme to defraud' is a legal term of art littered throughout federal criminal law. . . . The term has the same meaning across the wire fraud, bank fraud, and commodities-fraud [§ 1348] statutes.").[2] Adopting Defendants' argument would turn this law on its head, importing concepts from Title 15 materiality into the materiality standards for the wire, mail, and bank fraud statutes as well. That is an absurd result.

The record shows that Congress, in modeling Section 1348 on the other Title 18 fraud statutes, made a deliberate choice to *depart* from Title 15 and civil securities fraud language and elements. Indeed, to follow the Defendants down their path of conflating different materiality standards would disregard not only precedent and the Fifth Circuit Pattern, but the very purpose of Section 1348 stated by the statute's sponsoring Senator:

> [Section 1348] would supplement the patchwork of existing technical securities law violations with a more general and less technical provision, with elements and intent requirements comparable to current bank fraud and health care fraud statutes. It is meant to cover any scheme or artifice to defraud any person in connection with a publicly traded company. The act[']s terms are not intended to encompass technical definitions in the securities laws, but rather are intended to provide a flexible tool to allow prosecutors to address the wide array of potential fraud and misconduct that can occur in companies that are publicly traded.

---

[2] *See also United States v. Chanu*, 40 F.4th 528, 541 (7th Cir. 2022) ("We note, however, that the commodities fraud statute, 18 U.S.C. § 1348, was modeled on the mail and wire fraud statutes—as evidenced by its text and legislative history."); *United States v. Coscia*, 866 F.3d 782, 799 (7th Cir. 2017) ("Because section 1348 was modeled on the federal mail and wire fraud statutes, the district court certainly was on solid ground in looking to the pattern jury instruction for those offenses."); *United States v. Wey*, 15-cr-611, 2017 WL 237651, at *9, n.6 (S.D.N.Y. Jan. 18, 2017) ("Several courts have recognized that because the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes, an analysis of Section 1348 should be guided by the caselaw construing those statutes." (internal quotations and citation omitted)); *United States v. Motz*, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009) ("The parties agree that because the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes, the Court's analysis should be guided by the caselaw construing those statutes." (internal quotations and citation omitted)).

148 Cong. Rec. S7418–19 (2002) (statement of Sen. Leahy), *available at* 2002 WL 1731002.[3] Thus, Defendants hope the Court will do exactly what Section 1348 was passed to avoid.

Defendants seek to import the Title 15 standard because they like it better than the materiality standard that actually applies. Two concepts in the Title 15 standard that differ from the Title 18 standard track with Defendants' efforts to point every which way except at Defendants' own conduct. For one, Defendants desperately want to confuse and overwhelm the jury with reems of irrelevant hearsay from press releases and the internet as part of the alleged "total mix of information" available to "the market." Hence, Defendants' desire for this inapplicable materiality standard. But that is the sort of fact-specific context that is *not* relevant under the applicable materiality standard. *See, e.g.*, *Jonas*, 824 F. App'x at 232. "The test focuses on the 'intrinsic qualities' of the statement itself and 'transcends the immediate circumstances in which it is offered.'" *United States v. Evans*, 892 F.3d 692, 712 (5th Cir. 2018) (quoting *Abrahem*, 678 F.3d at 375).[4] The Court should not be misled. Defendants are wrong on the law and would waste the Court's and jury's time with legal and factual irrelevancies.

Defendant's also want to import the Title 15 standard because it is from the perspective of a "reasonable investor." But the Title 18 standard asks about the "decisionmaker" to whom the

---

[3] As one scholar noted, "[i]nterestingly, when the original bill containing this new securities fraud crime was referred to the *Committee on the Judiciary*, Senator Leahy cited *SEC v. Zandford*, 238 F.3d 559 (4th Cir. 2001), as evidence that **a new crime was needed because 'federal prosecutors are justifiably hesitant to include technical SEC regulations as part of a criminal indictment**." Wendy Gerwick Couture, *Criminal Securities Fraud and the Lower Materiality Standard*, 41 SEC. REG. L.J. 77, 78 n.10, 41 NO 1 SECRLJ ART 3 (2013) (quoting S. Rep. No. 107-146, at n.9 (2002) available at 2002 WL 863249) (emphasis added).

[4] As the *Evans* court explained: "a crazed man demanding to see a patient being kept under guard by federal agents makes a materially false statement when he tells the agents he is the patient's lawyer. Although the circumstances dispel any chance that the agents might buy the lie, the representation that one is a lawyer is of the type that would naturally tend to influence or is capable of influencing the decision maker." 892 F.3d at 712 (internal quotations and citation omitted).

6

statement is addressed. In this case, that decisionmaker is a follower of Defendants on social media, not the "reasonable investor" of Title 15 concern. *See, e.g.*, *Greenlaw*, 84 F.4th at 340 ("A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision of the **decision-making body to which it was addressed**." (emphasis added) (quotations and citation omitted)).

Defendants likely want to use the inapplicable "reasonable investor" standard to engage in victim-blaming that is *clearly and expressly prohibited* under the Fifth Circuit's Pattern Instruction for materiality and related law. *See* Pattern Instr. § 1.40. To be clear, the standard does not ask whether the victims' specific actions at issue in the case were reasonable in light of the "total mix of information" or otherwise, as Defendants seek to do. *See id.*; *Evans*, 892 F.3d at 712. Indeed, the instruction itself makes clear that a victim's negligence is irrelevant because it cannot excuse Defendants' criminal conduct. *See* Pattern Instr. § 1.40.

In short, Defendants want to inject concepts from the other materiality standard(s) because they like them better. They want to focus on a "reasonable investor" rather than Defendants' social media followers to whom they spoke, because it would give them a potential avenue to the victim-blaming they have been keen to inject into this proceeding from the outset. They want to introduce the "total mix of information," hoping to confuse the jury with a parade of press releases without any foundation they were viewed by or important to anyone, let alone caused anyone to purchase a stock. The Court should not let the case so devolve because Defendants' effort: (1) is premised on an incorrect and inapplicable materiality standard that disregards the Fifth Circuit's own Pattern Instruction and precedent; (2) is inconsistent with the text, purpose, and interpretation of Section 1348; and (3) and would add significantly to the trial presentation in this case, wasting the Court's and jury's times with irrelevant meanderings unsupported by the applicable law.

## Conclusion

The Court should not deviate from the Fifth Circuit Pattern Jury Instruction for materiality.

Dated: March 5, 2024                              Respectfully submitted,

                                                            GLENN S. LEON
                                                            Chief, Fraud Section
                                                            Criminal Division, Department of Justice

By:   */s/ John J. Liolos*
        Scott Armstrong, Assistant Chief
        John J. Liolos, Trial Attorney
        Fraud Section, Criminal Division
        United States Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005
        Tel.: (202) 768-2246


        ALAMDAR S. HAMDANI
        United States Attorney
        Southern District of Texas

By:   */s/ Thomas Carter*
        Thomas H. Carter
        Assistant United States Attorney
        State Bar No.: TX24048387
        1000 Louisiana Street, 25th Floor
        Houston, Texas 77002
        Tel.: (713) 567-9470

**Certificate of Service**

I hereby certify that on March 5, 2024, I will cause the foregoing motions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section